USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/5/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Jim R. Fields,**

**Plaintiff,**

**-against-**

**Andrew M. Saul, Commissioner of Social Security,[1]**

**Defendant.**

**1:18-cv-02072 (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Before the Court is a motion for attorneys' fees, pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b)(1), by Plaintiff's counsel, the Law Offices of Charles E. Binder and Harry J. Binder, LLP ("Binder & Binder"). (Pl.'s 8/28/20 Not. of Mot., ECF No. 21.) The motion follows a favorable decision for plaintiff, Jim R. Fields ("Plaintiff" or "Fields"), by Defendant, the Commissioner of Social Security ("Commissioner"), after remand of this case to the Commissioner by a so-ordered stipulation of the parties. For the reasons set forth below, I award attorneys' fees to Binder & Binder in the amount of $19,350.00.

**BACKGROUND**

Fields filed an application for Social Security Disability benefits on September 15, 2011, with an onset of disability of February 12, 2009. (Binder Aff., ECF No. 33, ¶ 1.) His claim was denied and Fields requested a hearing before an Administrative Law Judge ("ALJ") on December 13, 2011. (*Id.*) A hearing was held before ALJ Dennis G. Katz on October 15, 2012. (*Id.* ¶ 2.) By

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Commissioner of Social Security, Andrew Saul, is substituted as the defendant in place of the former Acting Commissioner of Social Security. *See* Fed. R. Civ. P. 25(d).

decision dated November 8, 2012, ALJ Katz found Fields not disabled. (*Id*.) Fields requested review of the ALJ's decision by the Appeals Council. (*Id*.) The Appeals Council denied the request for review on December 18, 2012. (*Id*.)

Upon Fields' decision to pursue an appeal of the Commissioner's final decision, he signed a retainer agreement authorizing Binder & Binder to appeal the denial of Social Security benefits to the United States District Court. (Binder Aff. ¶ 3.) On August 25, 2014, Plaintiff commenced an action in this Court by filing a Complaint. (*Id*. ¶ 4.) However, before an answer was filed, the parties agreed to remand the case for further proceedings. (*Id*.) In an Order dated November 19, 2014, District Judge Ronnie Abrams remanded the case pursuant to a stipulation and proposed order by the parties. (*Id*.) Judgment was entered on November 21, 2014. (*Id*.)

Pursuant to the Court's Order, the Appeals Council remanded the case to an ALJ. (Binder Aff. ¶ 5.) A second hearing was held before ALJ Katz on October 20, 2016. (*Id*.) In a written decision dated October 31, 2016, ALJ Katz again found Mr. Fields not disabled. (*Id*.) Plaintiff requested review of the ALJ's decision by the Appeals Council. (*Id*.) However, the Appeals Council denied review on August 22, 2017. (*Id*.)

Upon Fields' decision to pursue a second appeal of the Commissioner's final decision, Plaintiff signed a retainer agreement authorizing Binder & Binder to appeal the denial of Social Security benefits to the United States District Court. (Binder Aff. ¶ 6 & Ex. A.) The retainer agreement provides that, if the claimant's case is remanded by the United States District Court to the Social Security Administration ("SSA"), and, upon remand, the claimant is awarded past due benefits by the Appeals Council and/or an ALJ, the claimant will pay Binder & Binder up to

twenty-five percent (25%) of any award of past due benefits, upon approval of a request for fees by the District Court and/or the SSA. (*See id*.)

On March 7, 2018, Fields commenced a second action in this Court by filing a Complaint. (Compl., ECF No. 1.) On July 9, 2018 the Commissioner filed the Administrative Record. (Admin. Rec., ECF No. 9.) On September 6, 2018, Plaintiff filed a motion for judgment on the pleadings and a 19-page memorandum in support. (Pl.'s 9/6/18 Not. of Mot., ECF No. 12; Pl.'s MJOP Mem., ECF No. 13.) On September 7, 2018, the parties consented to hold all proceedings before me. (Consent, ECF No. 14.)

The parties subsequently agreed to remand the case for further proceedings. (Binder Aff. ¶ 7.) In an Order dated October 29, 2018, I remanded the case pursuant to a stipulation and proposed order by the parties. (Stip. & Order, ECF No. 17.) Judgment was entered on October 31, 2018. (Judgment, ECF No. 18.)

Based on the successful appeal in the District Court, Fields sought an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Thereafter, Binder & Binder was awarded $5,100.00 in EAJA fees. (Binder Aff. ¶ 8.)

Pursuant to the Court's Order remanding the case, the Appeals Council remanded the case to an ALJ. (Binder Aff. ¶ 9.) A third hearing was held, this time before ALJ Kieran McCormack, on October 2, 2019. (*Id*.) A supplemental hearing was held on April 8, 2020. (Id.) In a written decision dated April 13, 2020, ALJ McCormack found Fields disabled since his alleged onset of February 12, 2009. (*Id*.)

Fields received a Notice of Award, dated August 16, 2020, from the SSA. The Notice states that $40,170.00 has been withheld from the Fields' past due benefits for payment of the legal fees. (Binder Aff. ¶ 15 & Ex. C.)

On August 28, 2020, Binder & Binder filed the instant motion for attorneys' fees, pursuant to 42 U.S.C. § 406(b)(1). (*See* Pl.'s 8/28/20 Not. of Mot.) In its motion, Binder & Binder seeks attorneys' fees in the amount $40,170.00, which represents twenty-five (25%) of the past due benefits awarded to the Plaintiff. (Binder Aff. ¶ 16.) Upon receipt of this sum, Binder & Binder pledges to refund the previously awarded EAJA fees of $5,100.00 directly to the Plaintiff.

The Commissioner filed his response to the motion on September 4, 2020. (Def.'s Ltr., ECF No. 24.)

## DISCUSSION

### I. Legal Standards

Section 206(b)(1)(A) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an

independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (internal citations omitted). Among the factors to be considered when determining whether an award is reasonable are: (a) whether the contingency fee is within the twenty-five percent limit; and (b) whether the retainer was the result of fraud or overreaching by the attorney. *See* Wells, 907 F.2d at 372.

Other factors to be considered are the following:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

With respect to the third factor—whether the award constitutes a "windfall"— courts consider the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting *Joslyn*, 389 F. Supp. 2d at 456-57).

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted).

**II. <u>Application</u>**

As noted above, Binder & Binder seeks an award of attorneys' fees in the amount of $40,170.00. The fees are within the twenty-five percent limit imposed by statute. Moreover, as noted by the Commissioner in his submission (Def.'s Ltr. at 2), there is no evidence of fraud or overreaching.

The Court finds that Binder & Binder did not unreasonably delay the proceedings. Further, the Court finds that Binder & Binder is well experienced in handling social security cases and that its written submissions were specific and well supported. With respect to the remaining factors—*i.e.*, whether the requested fees are out of line with the character of the representation and the successful results achieved, as well as the so-called windfall factor—Binder & Binder has requested $40,170.00 for 25.8 hours of services rendered before this Court, which represents a *de facto* hourly rate of $1,556.98.

In support of its motion, Binder & Binder has provided, for each of the two attorneys who worked on this case, Daniel S. Jones and Charles E. Binder, information concerning their backgrounds and experience and a calculation of the hours spent on this case, together with descriptions of the work done. (*See* Binder Aff. ¶¶ 11-14 & Ex. B.) Upon review of Binder & Binder's submissions, the Court finds that the number of hours spent on this matter by each

attorney, *i.e.*, 22.7 hours in the case of Jones and 3.1 hours in the case of Binder, for a total of 25.8 hours, is not unreasonable under the circumstances. However, the *de facto* hourly rate of $1,556.98 requires further examination.

As the Commissioner correctly notes, "courts within this District and within the Second Circuit have approved and disapproved comparable hourly rates, but a *de facto* hourly rate of $1,556.98 is on the higher end of what some courts have approved." (Def.'s Ltr. at 2-3 & n.2 (citing cases).) Indeed, this Court previously has reduced the effective hourly rate of Binder & Binder in a social security case to $500.00. *See Brown v. Colvin*, No. 15-CV-04823 (SDA), 2018 WL 6061199, at *4 (S.D.N.Y. Nov. 20, 2018) (awarding $12,450.00 for 24.9 hours expended). Moreover, this Court has reduced the effective hourly rate of another law firm in a social security case to $500.00. *See Espada v. Comm'r of Soc. Sec.*, No. 15-CV-01505 (SDA), 2020 WL 1322527, at *3 (S.D.N.Y. Mar. 21, 2020) (awarding $12,450.00 for 24.9 hours expended).

What distinguishes this case from *Brown* and *Espada* is the fact that in this case, Binder & Binder has represented the claimant during multiple hearings and appeals dating back to 2014. "[A]lthough section 406(b), by its terms, deals exclusively with fees arising out of the federal court action, as compared to those incurred at the administrative level, courts examining the *Gisbrecht* factors have taken into account the amount of time and effort the attorney expended at the administrative level." *Destefano v. Astrue*, No. 05-CV-03534 (NGG) (RLM), 2008 WL 623197, at *6 (E.D.N.Y. Mar. 4, 2008) (citations, internal quotation marks & footnote omitted), *report and recommendation adopted*, 2008 WL 2039471 (E.D.N.Y. May 9, 2008). "[T]he work performed by the attorney at the agency-level is relevant insofar as it assists the court in understanding the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks

involved, and the significance of the result achieved in district court." *Muniz v. Astrue*, No. 09-CV-03954 (ARR), 2011 WL 5563506, at *2 (E.D.N.Y. Nov. 15, 2011) (citations & internal quotation marks omitted).

After considering all the relevant factors, the Court finds that Binder & Binder's request $40,170.00 for 25.8 hours of services rendered before this Court would result in an unreasonable fee to Binder & Binder. Instead, the Court finds that an award of $19,350.00 adequately compensates Binder & Binder for the time spent on this case, the risks that they accepted in undertaking the representation of Brown on a contingency basis and the successful result obtained for Brown. Furthermore, this fee amount, which translates into an hourly rate of $750.00, satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals.

**CONCLUSION**

For the reasons set forth above, Binder & Binder's motion for attorneys' fees is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED that Binder & Binder be awarded the sum of $19,350.00 in fees. Upon receipt of this sum, Binder & Binder is ORDERED to refund the previously awarded EAJA fees of $5,100.00 directly to the Plaintiff.

DATED: September 5, 2020
New York, New York

Stewart d. Aaron

**STEWART D. AARON**
**United States Magistrate Judge**